The opinion of the Court was delivered by
Fenner, J.
The question presented for our determination in this ease, is whether the legal mortgage granted by law upon all tbe immovables of a natural tutor in favor of tbe minors, can be released by a special mortgage executed, not by the tutor upon his own property, but by a third person at the request of the tutor, upon property belonging to snob third person. The question is not whether it would not *902 have been a wise and proper provision of law to allow the release' of the general mortgage upon the giving of such a special mortgage by a third person, but whether the law has actually made such provision. Under the original Code of 1825, no mode was provided by which the natural tutor could relieve his entire immovable estate from the legal mortgage resting thereon, for the security of the minors’ rights, and substitute therefor a special mortgage.
By an act passed in 1830, the Legislature made a special provision on this subject, modifying the prior general law to the exact extent specified therein, and to that extent only. That provision is now embodied in Article 325 of our existing Code, and is in the following words :
“ The surviving father or mother who becomes the natural tutor of his or her minor children, may give a special mortgage on immovable property, for the security of the rights, etc. From and after the execution of the special mortgage hy the matured tutor as aforesaid, all the remaining property of the father or mother acquired or to be acquired, shall bo completely discharged from the legal mortgage arising from the tutorship.”
We can perceive no ambiguity in this language. Its import is perspicuous and unmistakable. It provides for the execution of a special mortgage hy the tutor, on immovables neeessarify belonging to him, because a man cannot specially mortgage property not belonging to himself. But the law does not leave this matter to inference, however inevitable; because it expressly declares that after the execution of the special mortgage, “ the remaining property of the father or mother shall be completely discharged, etc.” If we should hold that the minor’s general mortgage could be released by a special mortgage, other than one executed by the tutor upon property belonging to him, we should not be interpreting law, but making law, and however wise and proper such a law would be, we have no power to legislate.
In the present case, the objection to the sufficiency and legality of the cancellation of the minors’ general mortgage on the property sold, is urged by the purchaser at a judicial sale, as a reason for declining the title offered; and'it is contended, that inasmuch as the court had accepted the special mortgage referred to and had ordered the cancellation of the minors’ general mortgage, the purchaser was protected by the order and had no right to question its validity. This contention is fully disposed of by the following decisions: Succession of Gassen vs. Palfrey, 9 An. 560; Life Association vs. Hall, 33 An. 56.
• The arguments ah mconvenienM, basedupon our decision in the case last quoted, would exercise whatever influence they might be entitled to as an inducement to us to modify that decision; but certainly could *903 not, under any circumstances, justify us in adding to our Code a provision not placed there by the legislative will.
Judgment affirmed at appellants’ cost.
Levy, J., absent.
The Chief Justice dissents.